## PLANO MANUFACTURING CO. v. MILLAGE.

A vendor ratifies an unauthorized parol contract of sale made by his agent by suing the purchaser for the value of the property.

(Opinion filed April 2, 1901.)

Appeal from circuit court, Lincoln county. HON JOSEPH W. JONES, Judge

Action by the Plano Manufacturing company against John R. Millage. From a judgment for defendant, plaintiff appeals. Affirmed.

The facts are stated in the opinion.

C. B. Kennedy, for appellant.

O. S. Gifford, Brown & Brown, and C. E. Benedict, for respondent.

FULLER, P. J. This action to recover $125 as the contract price of a harvesting machine alleged to have been sold and delivered on the 25th day of May, 1899, terminated below in a judgment for defendant, and the plaintiff appeals.

The undisputed evidence shows that on the above- mentioned date respondent gave to the local agents of appellant the following instrument in writing: "Isaacson & Ellingson, Local agent at Canton, S. D.: I hereby authorize and request you to procure for me one 7-ft. J. L. binder, made by the Plano Manufacturing Co., subject to the terms and conditions of the printed warranty of the Plano Manufacturing company, a copy of which (without change or alteration) has been detached from this order, and delivered to me, and the receipt of which I hereby acknowledge and which printed warranty I understand no agent has authority to add to, abridge, or change in any manner; said machine to be delivered on or before the ——day of —— 189-. I hereby agree to settle for same, when delivered, as follows, to-wit, $125 in cash." In support of the allegations of his answer, respondent was permitted, over the objection of appellant, to introduce uncontroverted testimony sufficient to justify the conclusion on the part of the jury that he never received a written warranty, and never accepted a machine at all under the written order upon which appellant relied, but, on the contrary, absolutely repudiated the same. Subsequently on July 20, 1899, he entered into

an oral contract with the agents of appellant, pursuant to which a machine of the same kind was taken on trial with the express understanding and agreement that the same would be purchased on time for the sum of $100, provided it performed the work for which it was intended in a good and satisfactory manner. The following testimony of respondent concerning the transaction is corroborated in every material particular: "I told Mr. Isaacson I would give him one hundred dolars for the Jones lever.binder, but I would not take it out under this order at all * * * I told him I would not take it out on the old contract, because I could buy them for one hundred dollars. I said, 'I will take your machine out, and put it in the field, and give it a fair trial.' I told him if the machine didn't do its work, I would return it." Mr. Westbury, who heard the conversation between the parties at the time the final arrangement was made and the machine taken into the possession of respondent, testified as follows: "Mr. Milage was bargaining for a machine, a Jones lever harvester and binder, as they call it. It seems that Mr. Millage had given an order previously. I walked up, I had been looking at machines myself. I heard this conversation: Mr. Millage said that he would not take the machine out on the price of the order from the fact that he could get them cheaper. They finally agreed that he could take out the machine for $100— that was the price—and give it a trial, and, if it worked, to settle for it; that is, if it worked he was to settle for it. That was stated in the conversation." It was further shown by at least two witnesses that such agent of appellant accepted the foregoing proposition of $100, and expressly agreed to allow respondent to return the machine in case it failed to do good work. According to the evidence, a fair trial demonstrated that the machine would not do good work, and respondent promptly returned the same, and delivered it to the

agent of appellant with whom all negotiations were had.   The fore-
going written request addressed to Isaacson & Ellingson, negatives
the idea of an executed sale, and discloses an intention on the part
of appellant, who furnished the printed form which respondent
signed, to make such ostensible agents the agents of prospective pur-
chasers, rather than the agents of the company.   The record, includ-
ing the complaint under which appellant seeks to recover the alleged
value of the machine, is sufficient to justify the inference that the sub-
sequent oral contract, if not authorized at its inception, was subse-
quently ratified by appellant, and there is no merit in the contention
that the evidence concerning the same was improperly admitted.   Our
conclusion is that competent testimony was properly submitted to the
jury under instructions of which appellant has no lawful ground
for complaint, and the judgment appealed from is affirmed.